### PRUDENTIAL INS. CO. OF AMERICA v. MORRIS, for Use of YESKO.
### No. 5253.

Circuit Court of Appeals, Third Circuit.

Aug. 28, 1934.

A. A. Vosburg and A. Floyd Vosburg, both of Scranton, Pa., for appellant.

Frank L. Pinola, of Wilkes-Barre, Pa., Nathan Hyman, of Pittston, Pa., and David J. Reedy, of Scranton, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

In this action to recover the accidental death benefit of $25,000 in a policy of insurance on the life of George Yesko, who died June 12, 1930, from the effect of carbon monoxide poisoning, the defendant, the Prudential Insurance Company, relied principally on the defense of suicide by the insured.

At the trial, which resulted in a verdict and judgment for the plaintiff, the defendant offered certain evidence tending to show that there were strong reasons to induce the insured to take his life. The trial court admitted in evidence several indictments pending in the courts of the commonwealth of Pennsylvania against the insured for embezzlements, but refused to permit the prosecuting witness to testify to facts tending to show the guilt of the insured and further refused to admit evidence tending to show that he had sufficient insurance to leave his family in good financial circumstances regardless of peculations and financial straits. The defendant excepted to the rulings of the court, but did not further argue or bring the point to the attention of the trial judge and failed to assign the rulings as error. A considerable time after the appeal to this court, the defendant filed a petition in the District Court for leave to file additional assignments which include the rulings on the evidence.

The learned court dismissed the petition on the ground that it was without jurisdiction. Subsequently, the defendant petitioned this court for leave to file the additional assignments.

The petition comes too late under rule 14, paragraph 6, of this court, which requires that assignments be submitted and filed with the petition for appeal immediately after the appeal is allowed. But we may and will notice plain and prejudicial error on the record, resulting from oversight. Rule 11; Baltimore & Ohio Railroad Company v. McCune, 174 F. 991 (C. C. A. 3); Hart v. Adair, 244 F. 897 (C. C. A. 9).

The principal issue before the trial court was whether the decedent's death was self-inflicted or accidental. Any facts making it probable that his death was the result of suicide are relevant. Along with the other facts surrounding his death, causes which would impel him to take his own life are evidential, indicating a motive, and therefore admissible. The evidence rejected in this case was material, in that it showed a motive and was

properly a part of the defendant's case unless it should have been excluded for other reasons. No other reasons appeared and it was error to refuse its admission. National Union v. Fitzpatrick (C. C. A.) 133 F. 694; Rohloff v. Aid Association, 130 Wis. 61, 109 N. W. 989; 6 Cooley's Briefs on Insurance, 5470; 1 Wigmore on Evidence, §§ 143, 144, 391, 394, and the many cases cited in those treatises.

The fact that the indictments pending against the decedent had been admitted in evidence does not render immaterial the testimony of the prosecuting witness, the bank examiner, who discovered the defalcations of the decedent. Nor does the criminal quality of such evidence make it incompetent. 1 Wigmore, §§ 216, 305, 390, 391.

The evidence that the decedent had insurance contracts of considerable value on his life so that he would leave his family financially independent is also material and admissible as a circumstance tending to show a motive for the doing of the act in issue.

The judgment is reversed, and a new trial granted.